COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-385-CV

 

 

JANET LOU DOUGLASS                                                       APPELLANT

 

                                                   V.

 

COUNTRYWIDE HOME LOANS, INC.                                          APPELLEE

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is the second summary
judgment that this court has reviewed in this matter.[2]  In our first opinion, we affirmed the summary
judgment in Appellee Countrywide Home Loan, Inc.=s favor as to Appellant Janet Lou Douglass=s claims but reversed the judgment and remanded the case for further
proceedings concerning Countrywide=s counterclaim.[3]  The summary judgment now before us granted
Countrywide summary judgment on its counterclaim and ordered foreclosure of the
home equity lien held by Countrywide on Douglass=s real estate.

In her first point, Douglass
contends that the trial court erred by granting Countrywide summary judgment on
its counterclaim because Countrywide defaulted in May 2000 and thus is required
to forfeit all principal, interest, and previous payments made.  Essentially, Douglass is arguing that
Countrywide breached its agreement with her. 
However, we have already resolved this issue against Douglass in our
prior opinion in this matter when we held that the trial court correctly
granted Countrywide summary judgment on Douglass=s claims.[4]  We overrule Douglass=s first point.

In her second point, Douglass
contends that the trial court erred in granting summary judgment on Countrywide=s counterclaim because material issues of fact remain.  In our opinion reviewing the first summary
judgment granted in this case, we wrote,








. . .
. Douglass=s
admissions establish, among other things, (1) that the documents attached to
the discovery requests are genuine, were executed by Douglass, and created a
lien against the Property, (2) that she failed to make payments after February
2000, (3) that her failure to make payments in accordance with the Note allows
Countrywide to foreclose against the Property, (4) that Countrywide sent her
notice of her default, offered her an opportunity to cure that default, and
that she failed to cure the default, (5) that she was sent notice of
Countrywide=s intent
to accelerate the maturity of the debt, and (6) that Countrywide sent her
notice that the Note had been accelerated. 
. . . 

 

. . . . 

 

[A]fter reviewing all the evidence, we conclude
that Countrywide failed to conclusively establish its right to summary judgment
on its counterclaim.  To be entitled to
an order of foreclosure, and if necessary, writ of possession, Countrywide was
required to establish its right to foreclosure under the Security Instrument
and section 51.002 of the Texas Property Code. . . . 

 

Paragraph
20 of the Security Instrument securing the Note provides, in relevant part:

 

Lender
shall give notice to Borrower prior to acceleration following Borrower=s
breach of any covenant or agreement in this Security Instrument . . . . The
notice shall specify:  (a) the default;
(b) the action required to cure the default; (c) a date, not less than 30
days from the date the notice is given to Borrower, by which the default must
be cured; and (d) that failure to cure the default on or before the date
specified in the notice will result in acceleration of the sums secured by this
Security Instrument and sale of the Property. 
The notice shall further inform Borrower of the right to reinstate after
acceleration and the right to bring a court action to assert the non-existence
of a default or any other defense of Borrower to acceleration and sale. . .
.








 

(Emphasis added)

 

In addition, section 51.002(d) of the Texas
Property Code provides, in relevant part:

 

(d)    Notwithstanding
any agreement to the contrary, the mortgage servicer of the debt shall serve a
debtor in default under a deed of trust or other contract lien on real property
used as the debtor=s
residence with written notice by certified mail stating that the debtor
is in default under the deed of trust or other contract lien and giving the
debtor at least 20 days to cure the default before notice of sale can be given
under Subsection (b). . . . 

 

Tex. Prop. Code Ann. '
51.002(d) (Vernon Supp. 2004-05) (emphasis added).

 

We find no evidence in the record establishing
that Countrywide provided written notice to Douglass by certified mail giving
her twenty days to cure her default.  See
id.  Further, we find no
evidence in the record that Countrywide provided Douglass with notice, in
accordance with its Security Instrument, stating (1) a date, not less than
thirty days from the date of the notice, by which she could cure the default,
(2) that her failure to cure the default on or before that date would result in
acceleration of the debt and sale of the Property securing the debt, or (3)
that Douglass had the right to reinstate after acceleration and to bring
a court action to assert the non-existence of default or any other
defense.  See Tex. R. Civ. P. 735(2).[5]

 








Countrywide=s second motion for summary judgment points to the necessary evidence
missing in the first proceeding. 
Specifically, the second motion points to the same summary judgment
evidence established in the first proceeding and detailed in the prior opinion,
but it also establishes through new summary judgment evidenceCincluding copies of the certified letters sent to Douglass, their
associated envelopes, and their associated cards affixed to the envelopes,
indicating certified mailCthat
Countrywide sent Douglass notice by certified mail of her default and that
Countrywide provided Douglass with notice in accordance with its Security
Instrument by stating (1) a date, not less than thirty days from the date of
the notice, by which she could cure the default, (2) that her failure to cure
the default on or before that date would result in acceleration of the debt and
sale of the real property, that is, foreclosure, and (3) that she had the right
to reinstate after acceleration and to bring a court action to assert the
non-existence of default or any other defense. 
Accordingly, the summary judgment evidence now shows that Countrywide
complied with the security instrument and the applicable law.  There are no issues of material fact.








Douglass=s complaints in this point, focusing on Countrywide=s alleged breach, notice of substitution of counsel, and her demand
for damages, were all finally resolved against her in our prior opinion.[6]  Accordingly, we overrule Douglass=s second point.

Having overruled Douglass=s two points, we affirm the trial court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN,
and WALKER, JJ.

DELIVERED: 
October 26, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]See Douglass v. Country Wide Home
Loans, Inc.,
No. 02-03-334-CV, 2005 WL 1542658 (Tex. App.CFort Worth June 30, 2005, no pet.) (mem. op.).





[3]See id. at *10.





[4]See id. at *6-7.





[5]Id. at *8-9 (footnotes omitted).





[6]Id. at *3-5, 7, 10.